IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE JUAN CHAVEZ-ALVAREZ, | : | 1:12-cv-2130 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| MARY SABOL, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## ORDER

### January 22, 2014

**AND NOW**, upon consideration of the Report and Recommendation of Chief United States Magistrate Judge Martin C. Carlson (Doc. 29), recommending that the Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied without prejudice to renewal at such time that the Petitioner's detention may become unreasonable and excessive, and, after an independent review of the record, and noting that Petitioner filed objections[1] (Doc. 30) to the report on January 2, 2014,

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. *Supinksi v. United Parcel Serv.*, Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" *Id*. (citing *Shields v. Astrue*, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008).

to which a response was filed (Doc. 31 ), and the Court finding Judge Carlson's analysis to be thorough, well-reasoned, and fully supported by the record, and the Court further finding Petitioner's objections to be without merit[2] and addressed by Judge Carlson's report, **IT IS HEREBY ORDERED THAT:**

1.  The Report and Recommendation of Magistrate Judge Carlson (Doc. 29) is **ADOPTED** in its entirety.

2.  Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED WITHOUT PREJUDICE** to renewal if Petitioner's detention becomes unreasonable and excessive.

3.  The Clerk of Court is directed to **CLOSE** the file on this case.

                                                      s/ John E. Jones III
                                                      John E. Jones III
                                                      United States District Judge

---

[2] We are presented with a close call in the matter *sub judice*, however we agree with the Magistrate Judge's conclusion that the Petitioner's pre-removal detention was not unreasonable or excessive at present. Based on a review of the procedural history, it is evident that the Petitioner contributed to the delay in his removal proceedings by filing multiple unsuccessful motions, appeals, and continuances. The current case is distinct from the *Leslie* decision cited by Petitioner because there have been no undue or unexplained delays in Petitioner's removal proceedings nor any delays caused by the error on the part of the courts or the Immigration Judge. *See Leslie v. Att'y Gen.*, 678 F. 3d 265, 271 (4d Cir. 2012). Therefore, delays caused solely by Petitioner must be considered in determining whether the length of pre-removal detention was reasonable. Because the Petitioner makes no availing arguments against the Magistrate Judge's clearly correct analysis and reasoning, we shall reject his objections *in toto*.